ISABELLA S. FISHBLATT, PROSECUTRIX, v. ATLANTIC CITY ET AL., RESPONDENTS.

Argued February 16, 1910—Decided May 16, 1911.

On a petition by Atlantic City, filed in March, 1909, to have commissioners appointed to appraise damages in the taking of land for a public park, the proceedings are controlled by the act of 1902 (*Pamph. L.*, *p.* 284), which act was adopted by Atlantic City in 1902. Section 74 of that act provides that the commissioners appointed to make the appraisement, after having first taken and subscribed an oath or affirmation, shall in such manner as shall be directed by the justice who made the appointment of the commissioners, give at least six days' notice to the persons interested in the property, of the time and place where the commissioners shall hear any person in interest. Before the commissioners qualified by taking an oath, a notice was served upon an owner of the land to be condemned, signed, "Atlantic City, Petitioner, by H. W., City Solicitor." *Held*, that this notice of the hearing before the commissioners was defective.

---

On *certiorari*.

Before Justices REED, TRENCHARD and MINTURN.

For the prosecutrix, *Thompson & Cole*.

For the respondents, *Harry Wootton* and *Gilbert Collins*.

The opinion of the court was delivered by

REED, J. This writ brings up a certain order made by a justice of the Supreme Court appointing three commissioners

to condemn land of Isabella S. Fishblatt at the instance of Atlantic City, and the report of the said commissioners awarding damages to the said Isabella S. Fishblatt.

It appears that on March 23d, 1909, a petition was presented to a justice of the Supreme Court praying for the appointment of three disinterested freeholders, residents of the county of Atlantic, as commissioners to appraise the value of the land of one Isabella S. Fishblatt, and assess the damages for the taking of same by Atlantic City for a public park, under the act (*Pamph. L.* 1894, *p.* 146). The justice made an order directing that the hearing of said petition be held before him on April 5th, 1909, and ordered that a notice of the time and place fixed for said hearing upon said petition be served upon the said Isabella S. Fishblatt, either personally or by leaving at her residence, if known, not less than six days prior to the return of the order; or if her residence is unknown, or out of the State of New Jersey, by publication in two daily newspapers published in Atlantic City, for not less than one week prior to the date of the return of said hearing; and that a copy of the said publication be mailed to the said Isabella S. Fishblatt at her last-known post-office address.

On the return day of this rule, three persons were appointed by the said justice as commissioners to appraise the land to be taken, and to assess the damages, if any, by the taking of the same.

On April 16th, 1909, a notice was served upon Isabella S. Fishblatt notifying her that the commissioners would meet for the purpose of making an appraisement on April 23d, 1909. This written notice was signed, "Atlantic City, by Harry Wootton, City Solicitor and attorney for Petitioner." On April 23d, three commissioners qualified by taking the statutory oath. The commissioners made a report on April 27th.

The first reason relied on for invalidating the proceedings is that it does not appear that the prosecutrix had legal notice of the application before the justice of the Supreme Court to have commissioners appointed. The recital of the giving of the notice containing the order appointing the commissioners

is that "upon filing in the office of the county clerk of Atlantic City the affidavits presented of the giving of notice of such hearing to the owners of the land described in said petition, the same being evidence satisfactory to me that said notice has been served and published as required by the statute and by my order  *  *  *  I do hereby appoint," &c.

The insistence is that the order should show upon its face how the notices were given. It appears, however, from the affidavits then before the justice, and now before this court as a part of the proceedings, that the notice of the hearing of the petition for the appointment was given both by leaving a copy of the notice at the residence of the prosecutrix with her servant, and by advertisement in two newspapers, in conformity with the order of the court. These affidavits set out the manner of the service, and it was the method of service disclosed in the affidavits that was found by the justice to be satisfactory.

The reason assigning a want of statement of how the notice was given is untenable.

The second reason asserts that notice of hearing before the commissioners was defective because the notice was not given by the commissioners, but was given by Atlantic City, or its solicitor; and secondly, if given by the direction of the commissioners, it was given before the commissioners had qualified as such.

The statute adopted by Atlantic City for its government is the act of 1902. *Pamph. L., p.* 284. This charter contains a scheme for condemning land which the city council shall have determined to acquire pursuant to law. Section 70 of this statute provides for the presentation to a justice of the Supreme Court of a petition for the appointment of three commissioners to fix the compensation to be paid to the owner of the property to be condemned. Section 71 provides for a notice to be given to the owner of the time fixed for the appointment of such commissioners. Section 74 provides that "the commissioners having first taken and subscribed an oath or affirmation  *  *  *  shall, in such manner as shall be directed by said justice, give at least six days' notice to the per-

sons interested in the property, of the time and place, when and where they will hear any person in interest," &c.

The commissioners in this case were sworn on April 23d, and the notice given to Isabella S. Fishblatt was served on April 16th. The notice was not given in the name of the commissioners, but, as already stated, in the name of Atlantic City through its solicitor. It is apparent, and indeed is not denied, that the notice so given did not conform to the provisions of the charter of 1902. It is, however, insisted on the part of Atlantic City that the provision of the city charter did not control the present proceedings, but that these proceedings were regulated by the General Eminent Domain act of 1900 (*Pamph. L., p.* 79), which act does not require a notice to be given by the commissioners, but only to be given in such manner as shall be directed by the justice, and that the justice in this case directed that notice should be given by the petitioner.

The General Eminent Domain act of 1900 repealed all preceding special schemes for condemnation, and wisely provided a single method for the acquisition of land for public purposes. There can be no doubt, however, that the re-enactment thereafter of a different scheme *pro tanto* repealed the general act of 1900. This was the effect resulting from the act of 1902 upon all municipalities adopting it.

It is again said that the provisions of the act of 1902 did not apply to cases where the legal *status* was fixed prior to its passage, and attention is called to the fact that in 1899 the mayor and common council of Atlantic City, by ordinance, laid out a public park which included the lands now sought to be taken, and provided that all lands included in the boundaries of said park not dedicated should be condemned.

It may be conceded that respecting any procedure taken for condemnation already begun when the act of 1902 was accepted, the present insistence of the city would have force; but it is impossible to conceive how any *status* had been created respecting proceedings for condemnation taken after the adoption of the act of 1902, which would exclude the charter of 1902 from control over the proceedings.

It is again insisted on behalf of the city that the prosecutrix having admittedly had notice of the time, place and purpose of the meeting of the commissioners, should not be permitted to avail herself of the irregularity set out in the giving of notice to her. But the proceeding for condemnation is one requiring strict conformity with the method of procedure pointed out by the legislature. The prosecutrix, as owner, had the right to insist upon a notice which emanated from, and purported to emanate from, the commissioners themselves.

By reason of the defective notice, we think the proceedings must be vacated.